DOMENGEAUX, Judge.
In a document styled “PETITION FOR DISSOLUTION OF PARTNERSHIP” Daniel Lyons, plaintiff, sued his father, David Lyons, defendant, to partition the assets of Lyons Dairy and to dissolve the partnership between the parties, if one was found to exist. The trial court found the agreement between the parties constituted a partnership and ordered its dissolution. From that judgment plaintiff has appealed.[1]
The issue on appeal is whether the trial court erred in finding that the agreement *558 between the parties constituted a partnership.
In 1969, Daniel Lyons and his father entered into a verbal agreement to operate a dairy farm. Daniel Lyons, recently graduated from the University of Southwestern Louisiana with a degree in dairy science, was to be the main operator of the dairy farm. David Lyons at the time raised beef cattle and worked full-time for the Railway Express Agency. He owned the land, buildings, and some of the equipment to be used in the operation of the dairy farm. A dairy parlor was constructed and dairy cattle and dairy equipment purchased. Lyons’ dairy prospered over the years but the relationship between the parties deteriorated resulting in the present suit.
There was never any formal partnership agreement drawn up between the parties. Only the parties and their wives testified at trial to the substance of the agreement.
Daniel Lyons testified that he and his father agreed to share only the profits from the milk production and did not enter into a partnership agreement. He also stated that under their agreement, he was to own each calf born and any equipment purchased from the dairy farm’s assets. Over the years, most of the original cows have been culled from the herd, so under the parties’ alleged agreement, he, Daniel, would own the present dairy cattle.
Genevieve Lyons, wife of Daniel Lyons, testified to the same agreement stated by her husband. However, upon questioning by the trial judge, it was brought out that she was never present when her husband and father-in-law discussed their agreement nor was she involved in the financial operations of the dairy farm. Her knowledge of the agreement came from what she had been told by her husband.
Lernice L. Lyons, recently separated from David Lyons, testified that she did not believe the dairy farm was to be operated as a partnership, but she could not testify to being present at any discussion of the agreement between her son 'and husband.
David Lyons testified the dairy farm was to be operated as a partnership with an equal division of the profits. He denies any agreement giving Daniel Lyons sole ownership of the calves or equipment. David Lyons also testified to purchasing equipment and cattle for the dairy farm and aiding in its operation.
Daniel Lyons testified that on June 2, 1977, he offered to purchase the land used for the dairy farm and end their agreement. David Lyons testified his son offered him $4,000.00 per acre and $600.00 per head for his interest in the dairy cattle. Lernice Lyons testified to being present and hearing her son offer to buy both the land and his father’s interest in the dairy cattle. Daniel Lyons denies offering to buy any interest in the dairy cattle.
Both parties introduced evidence to support their testimony as to the substance of their agreement. Daniel Lyons introduced permits from the state Health Department listing him as owner of Lyons’ Dairy and registration certificates from the Holstein-Friesian Association of America listing him as owner of certain cattle. David Lyons introduced partnership tax returns for Lyons’ Dairy from 1971-77, various bills showing he had the authority to incur debts on behalf of Lyons’ Dairy and receipts showing he paid the insurance premiums for the insurance coverage on Lyons’ Dairy.
A review of the record shows that only the parties are aware of the substance of the agreement they entered into in 1969. The trial court in reaching its decision found the testimony of David Lyons to be more credible. Such a finding by the trial court is entitled to great weight and cannot be disturbed absent manifest error. No showing of such error has been made. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accepting the testimony of David Lyons as true, we must now determine whether the legal criteria for the existence of a partnership have been met. In Sas Jaworsky v. LeBlanc, 239 So.2d 176 (La.App. 3rd Cir. 1970), writ denied 240 So.2d 373 (La. 1970), this Court stated:
*559 “In order for a business relationship to be considered a partnership, the following circumstances must exist: (1) The parties must have mutually consented to form a partnership; (2) all parties must share in the losses as well as the profits of the venture; and (3) the property or stock of the enterprise must form a community of goods in which each party has a proprietary interest. LSA C.C. articles 2801, 2805, 2813 and 2814.”[2]
The parties mutually consented to enter into an agreement to operate a dairy farm in 1969. According to the testimony of David Lyons the parties agreed that the dairy farm was to be operated as a partnership.
The testimony concerning the division of the profits showed the amounts of the profits were not determined until all expenses and losses had been accounted for. This sharing of the losses as well as the profits is supported by the information contained in the partnership tax returns for Lyons’ Dairy from 1971-1977.
Accepting David Lyons’ testimony that the partnership was to be operated on a fifty-fifty basis, we find that each party has a half-interest in the dairy cattle and dairy equipment purchased. This establishment of a community of goods in which each partner has a proprietary interest is supported by the offer of Daniel Lyons to buy out his father’s interest in the dairy cattle.
We find that the legal criteria for the existence of a partnership have been met.
For the above and foregoing reasons, the decision of the trial court is affirmed. Plaintiff is to pay the costs of these proceedings.

AFFIRMED.-

. Although it appears that plaintiff is appealing from a judgment which awarded him relief which he requested, we understand his position to be that he alone owned the dairy animals and certain dairy equipment while his father, the defendant, owned the land and the buildings. Also, plaintiff seems to be claiming that he owned the business and that his father was merely one of his employees. Therefore, plaintiff appeals from the determination that a partnership existed because the dissolution of the partnership would divest him of one-half the dairy herd and one-half of all dairy equipment purchased with the dairy profits.

. Act 150 of the 1980 Regular Session of the Louisiana Legislature revised the Civil Code Articles relative to partnership. However, the revised Articles did not become effective until January 1, 1981.